IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-00200-FL

| | |
|---|---|
| KAWAMIE SHONTA COLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court for frivolity review of Plaintiff's complaint [DE-1] pursuant to 28 U.S.C. § 1915A. Plaintiff proceeds *pro se* and *in forma pauperis*. [DE-4]. The parties have not consented to jurisdiction of the magistrate judge; therefore, the § 1915A review is considered here as a recommendation to the District Court. *See* 28 U.S.C. § 636(b)(1)(B); *see also* Local Civil Rule 72.3(c). For the reasons set forth below, it is recommended Plaintiff's complaint be dismissed as frivolous.

## I. BACKGROUND

Plaintiff Kawamie Shonta Cole, an inmate in the custody of the State of North Carolina, filed this action *pro se* against the United States seeking release from liability on certain bonds. Compl. [DE-1] at 3-4. Plaintiff complains of the following acts:

> Pursuant to Federal Rules of Civil Procedure 9(c) the Petitioner seeks the Acceptance for Value and Consideration, for discharge and return of case and account number(s) 07CRS050873 and 07CRS050876 for Full Settlement and Closure and to release the Principal, Kawamie Shonta Cole (Natural Person) from the liability of the bond(s) created therein via the Miller Act, said discharge to be facilitated by way of use of my exemption account, . . . as this account is prepaid and exempt from levy. In addition, be it known that the F.R.C.P. 9(c) provides for the undertaking of this procedure to seek accord and satisfaction because in doing this procedure all conditions precedent have been performed and have occurred as/and the Petitioner, pursuant to F.R.C.P. 8(b), stipulates to the facts as they relate to charges and accounts 07CRS050873,

07CRS050876; . . . .

*Id.* at 1-2. Plaintiff cites as a basis for the court's jurisdiction 28 U.S.C. § 1441 and Rule 8(a)-(c) and Rule 13(a) of the Federal Rules of Civil Procedure. *Id.*

## II. STANDARD OF REVIEW

The Prison Litigation Reform Act of 1996 ("PLRA") limits the ability of prisoners to litigate civil actions and requires the district court to engage in a preliminary screening process of any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review of Plaintiff's complaint under the PLRA, the court must identify "cognizable claims or dismiss the complaint, or any portion of the complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.*

2

"The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden., Md. House of Corr.*, 64 F.3d 951, 954 (4th Cir. 1995).

Alternatively, in order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case, Plaintiff is proceeding *pro se* and pleadings drafted by *pro se* litigants are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Plaintiff seeks release from liability on two bonds. Plaintiff premises this court's jurisdiction on 28 U.S.C. § 1441, which governs removal of civil actions, but references in his complaint what

3

appear to be state court criminal cases, 07CRS050873 and 07CRS050876. Compl. at 2. To the extent Plaintiff seeks to remove these cases to this court, criminal removal jurisdiction is narrow and there exist only limited circumstances under which a state criminal prosecution may be removed to federal district court: Section 1442 applies to federal officers or agents, section 1442a to members of the armed forces, and section 1443 is related to civil rights. 28 U.S.C. §§ 1442, 1442a, 1443. Plaintiff has made no allegation sufficient to invoke the court's criminal removal jurisdiction pursuant to sections 1442, 1442a, or 1443. Furthermore, Rules 8 and 13 of the Federal Rules of Civil Procedure provide no basis for jurisdiction in this matter.

Alternatively, assuming a proper basis for jurisdiction does exist and affording the *pro se* Plaintiff's complaint the liberal construction due, Plaintiff has failed to state a claim cognizable in federal court. First, Plaintiff has made no factual allegations against the United States, and the court can conceive of no basis for liability against this Defendant where Plaintiff refers only to state court criminal cases in his complaint. Next, Plaintiff cites the Miller Act and Local Civil Rule 77.2 as authority for release from liability on the bonds. The Miller Act, 40 U.S.C. §§ 3131-3134, relates to the posting of bonds by contractors for public buildings or works of the federal government and, thus, does not provide support for Plaintiff's request for release from bonds related to a state criminal case. *See AMEC Env't & Infrastructure, Inc. v. Structural Assocs., Inc.*, No. 7:13-CV-21-BO, 2014 WL 1379519, at *1 (E.D.N.C. Apr. 8, 2014) ("Those who provide labor and materials for construction projects on public property, which is not subject to mechanics' or materialmen's liens, are protected by the Miller Act.") (citing 40 U.S.C. § 3131, *et seq.*). Moreover, there are no factual allegations to support a Miller Act claim. Likewise, while Local Civil Rule 77.2(e) provides that the Clerk of Court or Deputy Clerk is authorized to enter orders "canceling liability on bonds," it is implicit that this authority extends to bonds posted in this court and not a state court. Finally,

4

considering the factual allegations of the complaint, the court finds no other potentially meritorious claim has been stated.

Accordingly, the Plaintiff has failed to allege a valid basis for jurisdiction or, alternatively, has failed to state a claim upon which relief may be granted, and it is recommended that this case be dismissed as frivolous.

## IV. CONCLUSION

For the reasons stated herein, it is RECOMMENDED that Plaintiff's complaint be dismissed as frivolous.

SUBMITTED, this the 28 day of April 2014.

Robert B. Jones, Jr.
United States Magistrate Judge

5